UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
HONG WANG, Individually and on      :
Behalf of All Others Similarly Situated, :   Civil Action No. 16-1224 (KM) (MAH)
                                    :
    Plaintiff,                    :
                                    :
v.                                  :
                                    :
PTC THERAPEUTICS, INC., STUART      :
PELTZ, and SHANE KOVACS,            :
                                    :
    Defendants.                   :
_____:
                                    :
KEVIN KOSIN, Individually and on    :
Behalf of All Others Similarly Situated, :   Civil Action No. 16-1383 (KM) (MAH)
                                    :
    Plaintiff,                    :
                                    :
v.                                  :
                                    :
PTC THERAPEUTICS, INC., STUART      :
PELTZ, and SHANE KOVACS,            :
                                    :
    Defendants.                   :
_____:
                                    :
DANIEL PARKER, Individually and on  :
Behalf of All Others Similarly Situated, :   Civil Action No. 16-1384 (MCA) (MAH)
                                    :
    Plaintiff,                    :
                                    :
v.                                  :
                                    :
PTC THERAPEUTICS, INC., STUART      :
PELTZ, and SHANE KOVACS,            :
                                    :
    Defendants.                   :
_____:

This matter having come before the Court by way of Plaintiffs' motions seeking to consolidate three actions pending in this District, *Wang v. PTC Therapeutics, Inc.*, Civil Action No. 16-1224 (KM), *Kosin v. PTC Therapeutics, Inc.*, Civil Action No. 16-1383 (KM), and *Parker v. PTC Therapeutics, Inc.*, Civil Action No. 16-1384 (MCA), *see* Pl.'s Motions to Consolidate in *Wang*, May 2, 2016, D.E. 13, 15, 16, 17, 18, 19,[1] pursuant to Fed. R. Civ. P. 42(a) and 15 U.S.C. §78u-4;

and it appearing that all three actions involve separate Plaintiffs but the same Defendants in connection with alleged violations of the Private Securities Litigation Reform Act of 1995 (hereinafter "PSLRA");[2]

and it appearing that no opposition has been filed to Plaintiffs' motions to consolidate;

and the Court having considered Plaintiffs' moving papers, and the applicable law;

and Federal Rule of Civil Procedure 42(a) governing consolidation of matters;[3]

---

[1] There are also two motions to consolidate pending in both *Kosin* and *Parker* but they are the identical motions filed by Boston Retirement System and Retail Wholesale Department Store Union Local 338 Retirement Fund in the *Wang* matter. See *Kosin*, D.E. 15, 16, and *Parker*, D.E. 17, 18. In addition, all of the motions pending in the instant matters contain Motions to Appoint Lead Plaintiff and to Approve Lead and Liaison Counsel. Those motions will all be handled by Judge McNulty.

[2] Notably, all three pending cases share common facts and legal issues involving the same set of Defendants, and essentially involving the same class period.

[3] Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact that court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Courts have explained that Rule 42 "grants the court broad discretionary powers to order consolidation if it would advance the administration of justice and avoid unnecessary costs or delay." *Durso v. Samsung Elecs. Am., Inc.*, No. 12-5352, 2014 WL 1232332, at *1 (D.N.J. Mar. 24, 2014) (citing *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80–81 (D.N.J. 1993)). Thus, consolidation occurs even where cases do not share "complete identity of law or facts." *Leonard v. Stemtech Int'l, Inc.*, No. 12-86, 2012 WL 365512, at *11 (D. Del. Aug. 24, 2012).

and it appearing that the PSLRA contemplates consolidating actions where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," *see* 15 U.S.C. §78u-4(a)(3)(B)(ii);

and the Court finding that, in the interest of judicial efficiency and economy, it is appropriate to consolidate all three pending actions;

and for good cause shown;

**IT IS** on this 8th day of June, 2016,

**ORDERED** that Plaintiffs' motions to consolidate are **GRANTED**;[4] and it is further

**ORDERED** that *Wang*, Civ. Action No. 16-1224 (KM), will be designated as the lead case.

*/s Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

---

Generally, the Court must "balance such factors as the interest or efficiency and judicial economy gained through consolidation against the delay or expense that might result from simultaneous disposition of separate actions." *Id.* Moreover, courts can consolidate cases either upon a party's request or sua sponte. *Leonard*, No. 12-86, 2012 WL 365512, at *11. Under Local Civil Rule 42.1, a party seeking to consolidate must file a motion in the case with the earliest docket number, which the Judge assigned to that case will decide. Courts may also consolidate matters strictly for discovery and case management purposes. *See Forrest v. Corzine*, 757 F. Supp. 2d 473, 474 n.2 (D.N.J. 2010).

[4] The Clerk of the Court is directed not to terminate any of the pending motions in *Wang* as Judge McNulty has before him the other motions contained in Plaintiffs' filings. However, because *Wang* is now the lead case and the two motions each pending in *Kosin* and *Parker* are identical to those in *Wang*, the motions in *Kosin* and *Parker* may be terminated.